**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan Martin GARCIA, Defendant–**
**Appellant.**

No. 93–1378.

United States Court of Appeals,
Sixth Circuit.

Argued Dec. 10, 1993.

Decided April 26, 1994.

Donald A. Davis, Asst. U.S. Atty. (argued), B. Rene Shekmer (briefed), Grand Rapids, MI, for plaintiff-appellee.

Elliott T. Price, Elliott T. Price Law Office, Chicago, IL (argued and briefed), for defendant-appellant.

Before: MERRITT, Chief Judge, and SUHRHEINRICH and SILER, Circuit Judges.

SILER, Circuit Judge.

Defendant Juan Martin Garcia appeals his conviction for drug conspiracy and sentence of 240 months imprisonment followed by five years of supervised release. The issues he raises are whether: (1) his sentence should have been enhanced because he was a leader or organizer; and (2) he was deprived of the effective assistance of counsel due to a conflict of interest. For reasons stated herein, we **REMAND** in part and **AFFIRM** in part.

## Background

Garcia was convicted of conspiracy to possess with intent to distribute and to distribute cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). The base offense level for the cocaine conspiracy was 34 pursuant to USSG § 2D1.1. The court then enhanced Garcia's base offense level by four levels pursuant to USSG § 3B1.1(a), as Garcia was found to be a leader or organizer of the cocaine conspiracy involving more than five participants. The total offense level, therefore, was 38, which, with a criminal history category of I, resulted in a sentencing range of 235 to 293 months in prison. Garcia received a sentence of 240 months.

Two months after the defendant was convicted, he filed a motion for new trial, claiming that he had been denied effective assistance of counsel because of an alleged conflict of interest. The defendant claimed that an alleged co-counsel, William Swano (who was not trial counsel for the defendant), had a conflict of interest arising from his alleged representation of a government witness, Alex Christoff. The defendant claimed that his trial counsel, Michael Goggin, had a conflict of interest based upon an alleged co-counsel relationship with suspended attorney William Swano. Swano had previously represented Alex Christoff and was under indictment and cooperating with the U.S. Attorney's Office on an unrelated matter.

The district court found that defendant's motion was untimely and found no "newly discovered" evidence. However, the court also addressed the merits of the defendant's motion. The court found no lawyer-client relationship between the defendant and William Swano, but, even assuming there was such a relationship, it determined that the defendant failed to show an actual conflict of interest. Finally, the court went on to assume that a conflict existed and found that such conflict did not cause ineffective performance by defendant's trial counsel.

## I.

Garcia contends that the district court's determination that he was an organizer or leader under USSG § 3B1.1 was clearly erroneous. It is undisputed that the conspiracy involved more than five individuals or was otherwise extensive.

Whether Garcia was " 'an organizer, leader, manager or supervisor' is a question of fact reviewable under the clearly erroneous standard, giving due regard to the trial court's assessment of the credibility of the witness." *United States v. Barrett*, 890 F.2d 855, 867 (6th Cir.1989) (citing *United States v. Barreto*, 871 F.2d 511, 512 (5th Cir.1989)). Garcia argues that the testimony of the government witnesses was heavily impeached. The district court stated, however, that "it appears rather clear that the jury must have attached significance to those witnesses in order to have returned the guilty verdict."

■ Factors a court should consider in determining whether this section applies include: (1) the exercise of decision-making authority; (2) the nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to a larger share of the fruits of the crime; (5) the degree of participation in planning or organizing the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control and authority exercised over others. USSG § 3B1.1, comment. (n.3). The standard applied to sentencing factors is preponderance of the evidence. *United States v. Castro*, 908 F.2d 85, 90 (6th Cir. 1990).

■ The evidence indicated that Alex Christoff received cocaine from defendant which Christoff then distributed to others for further distribution. However, there was no connection between Garcia and the third tier of sellers. Therefore, insufficient evidence exists to show that Garcia was a leader or organizer under the sentencing guidelines. Thus, we remand this issue to the district court to make more extensive findings and to redetermine whether Garcia is a leader or organizer under either § 3B1.1(a) or played any role under any other subpart of § 3B1.1. Otherwise, the offense level would be at 34.

## II.

Defendant further argues that the district court wrongly denied his motion for a new trial. Specifically, he contends that the district court erred by: (1) finding that the motion was untimely; (2) holding that the

1126

defendant's "new evidence" was not material; and (3) holding that Swano was not the defendant's attorney.

██ Rule 33 of the Federal Rules of Criminal Procedure establishes a seven-day period for the filing of a motion for a new trial. The only ground entertained after seven days is that of newly discovered evidence. In his motion, defendant cites ineffective assistance of counsel due to a conflict of interest as the grounds for a new trial. Evidence of ineffective assistance of counsel "is not newly discovered evidence for purposes of a motion for new trial where the facts supporting the claim were within the defendant's knowledge at the time of the trial." *United States v. Seago,* 930 F.2d 482, 489 (6th Cir. 1991). The facts supporting the claim were within defendant's knowledge at the time of trial. Therefore, the district court correctly determined that Garcia's motion for a new trial was untimely.

██ To be granted a new trial due to newly discovered evidence, the defendant must show that: (1) the new evidence was discovered after trial; (2) the evidence could not have been discovered with due diligence; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence would likely produce an acquittal. *United States v. Hawkins,* 969 F.2d 169, 175 (6th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1021, 122 L.Ed.2d 168 (1993). Garcia fails to address the third prong of this test. Instead, he argues that the trial court should have applied the test "somewhat differently" in this case. There is no evidence in the record supporting Garcia's contention that the trial court incorrectly applied the test or improperly relied on *United States v. Stevens,* 978 F.2d 565 (10th Cir.1992).

██ Garcia's argument concerning ineffective assistance of counsel is also deficient. It is well settled that in order to prevail on a motion for new trial based upon ineffective assistance of counsel, the defendant must show that: (1) counsel's performance was deficient; and (2) it prejudiced the defense in a manner which deprived the defendant of a fair trial. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Garcia fails to present any evidence concerning either of the two prongs of this test. Instead, he once again claims that the court below applied the test incorrectly by being too "rigid."

██ Garcia claims that his counsel was ineffective due to a conflict of interest. This conflict allegedly arises because Swano was under investigation by the United States Attorney's Office for bribing a judge. Garcia was under investigation and prosecuted by a separate United States Attorney's Office for conspiracy to possess with intent to distribute and to distribute cocaine. There is no evidence that an actual conflict of interest existed between Garcia and Swano or that Swano ever made an appearance on behalf of Garcia. Garcia's counsel of record and Swano both denied Swano's representation of Garcia in this case. Defendant has the burden of "demonstrating that counsel's activity represented conflicting interests and that an actual conflict of interest adversely affected his lawyer's performance." *Taylor v. United States,* 985 F.2d 844 (6th Cir.1993). As no such conflict has been shown, this argument must fail.

The conviction is **AFFIRMED,** but this matter is **REMANDED** for reconsideration of the sentence consistent with this opinion.