86 F.3d 1156
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Elijah JONES, Defendant-Appellant.
 No. 95-3889.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1996.
 
 Before: KRUPANSKY, DAUGHTREY, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Elijah Jones, proceeding pro se, appeals a district court judgment denying his motion for a new trial filed pursuant to Fed.R.Crim.P. 33. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In December 1992, a jury found Jones guilty of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d), use of a firearm during a violent offense in violation of 18 U.S.C. § 924(c), and unlawful possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). He was sentenced to a total of 360 months of imprisonment. A panel of this court affirmed Jones's conviction and sentence on appeal. United States v. Jones, Case Nos. 93-3275, etc. (6th Cir. May 27, 1994).
 
 
 3
 In his Rule 33 motion for a new trial, Jones argued that his co-defendants (Blalark and Bailey) falsely incriminated Jones in the two bank robberies of which he was convicted. In support, he presents an affidavit by Blalark who asserts that Jones is innocent. The district court denied the motion as without merit.
 
 
 4
 Jones has filed a timely appeal, reasserting his same argument. He also argues that the prosecutor engaged in misconduct because he knowingly presented perjured testimony during Jones's trial.
 
 
 5
 Initially, we note that Jones did not raise his prosecutorial misconduct argument in the district court. Unless exceptional circumstances are present, we normally will not address an issue not first raised in the district court. Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway, 46 F.3d 1392, 1398-99 (6th Cir.1995). No exceptional circumstances are present, and thus we will not address this argument in the first instance.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion when it denied Jones's motion for a new trial for the reasons stated in its memorandum opinion filed August 2, 1995. See Wayne v. Village of Sebring, 36 F.3d 517, 525 (6th Cir.1994), cert. denied, 115 S.Ct. 2000 (1995). The record reflects that the evidence on which Jones relies does not constitute newly discovered evidence that would likely lead to an acquittal if his case were retried. See United States v. Garcia, 19 F.3d 1123, 1126 (6th Cir.1994).
 
 
 7
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.