**Herminio Pichardo BERGES,**
**Petitioner,**

v.

**UNITED STATES of America,**
**Respondents.**

**Civ. No. 96–2311(JP).**
**Crim. No. 92–014(JP).**

United States District Court,
D. Puerto Rico.

Feb. 19, 1999.

---

**3.** Plaintiff filed the EEOC charge on April 3, 1997, see Complaint, § 7.

Herminio Pichardo–Berges, Coleman, FL, pro se.

Jorge E. Vega Pacheco, Assistant United States Attorney, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PIERAS, Senior District Judge.

## I. INTRODUCTION

The Court has before it Petitioner Herminio Pichardo Berges' ("Petitioner") Motion filed under 28 U.S.C. § 2255, Respondent United States' Response, Petitioner's Reply, and Petitioner's Informative Motion and Second Informative Motion. (**Docket No's. 2, 8, 10, 12 & 13**). In his § 2255 motion, Petitioner requests that his December 1, 1992 sentence be modified because: (1) he received an unwarranted four level sentencing guideline enhancement for being a leader or organizer and; (2) he is entitled to a one sentencing guideline level reduction because of his timely acceptance of responsibility.[1]

## II. FACTUAL AND PROCEDURAL BACKGROUND

During the morning hours of December 12, 1991, United States Postal Service driver Carlos Ortega Ortiz ("Ortega") was robbed at gunpoint as he entered the rear cabin of his postal truck to organize some boxes and pouches. The booty of the robbery amounted to approximately $32,000. Petitioner and four Co–Defendants were identified as suspects, placed under arrest, and indicted.

On June 3, 1992, a Grand Jury returned an indictment against the Co–Defendants for (1) aiding and abetting each other to commit a postal robbery in violation of 28 U.S.C. § 2114; (2) using a firearm during the commission of a crime in violation of 18 U.S.C. § 924(c)(1); (3) causing injury to mail bags in violation of 18 U.S.C. § 1706(d); and (4) obstructing correspondence in violation of 18 U.S.C. § 1702. On July 22, 1992, a plea agreement was reached by the United States and Petitioner by which in exchange of a guilty plea to postal robbery and using a firearm, the U.S. would dismiss the remaining two counts.

After pleading guilty to the two counts pursuant to the plea agreement, sentencing was left to the Court's discretion, which sentenced Petitioner to a consecutive term of 51 months for postal robbery and 60 months for use of a firearm.[2] As part of the sentence and pursuant to U.S. Sentencing Guideline 3B1.1(a), the Court increased Petitioner's sentence by four levels for his role as an "organizer or leader of a criminal activity that involved five or more participants." After being sentenced, Petitioner never directly appealed his sentence.

## III. DISCUSSION

### A. Four Level Sentencing Guideline Enhancement

Petitioner argues that the Court erred in adding four points to his sentence for being a leader or organizer in the postal robbery. Rather than orchestrating the robbery, Petitioner alleges that Criminal Co–Defendant José Salgado–Oliver recruited and approached him to commit the predicated offenses. Petitioner presents a post-sentence affidavit of Co–Defendant Salgado–Oliver, attesting to Petitioner's

---

1. The Court hereby **DENIES** Petitioner's request for a one level reduction for timely acceptance of responsibility because it already afforded Petitioner a three level sentence reduction for this very reason.

2. Pursuant to 18 U.S.C. § 924(c)(1), the use and carrying of a firearm requires a five year (60 months) minimum sentence which must be imposed consecutively to any sentence under another count.

non-leadership role in the robbery. (Salgado–Oliver Aff. (stating in its translation that Pichardo "was never a leader or an organizer since he had nothing to do with the planning of the … robbery.")). The Government agrees with Petitioner to some extent as to the interpretation of these events. According to the Government's response to Petitioner's § 2255 Motion, "upon review and consideration of the government's files, we respectfully believe that, although Pichardo did have an aggravating role in the commission of the offense, it was not to the extent reflected by the four level enhancement he received at sentencing." (U.S. Reply Mot. to Vacate at 8).

■ Although the parties may agree, the Court's duty is not to echo the conclusions on which the parties have reached common ground, but to adjudicate pursuant to the relevant law. Section 2255 of Title 28 of the U.S.Code provides a mechanism for attacking the legality of a sentence. A petitioner may move to correct a sentence pursuant to 28 U.S.C. § 2255 only if: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the Court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.

■ Petitioner's argument, however, is a non-constitutional claim alleging that the sentence did not correspond with his involvement. The non-constitutional nature of the collateral attack is relevant to this discussion because the Supreme Court has limited the availability of § 2255 attacks for claims that do not raise constitutional errors. *See Knight v. United States*, 37 F.3d 769, 772 (1st Cir.1994). A non-constitutional claim that could have been asserted on direct appeal, but was not, may not be raised under a § 2255 absent exceptional circumstances which constitute "a fundamental defect which inherently results in a complete miscarriage

of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." *Id.* (citing to *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962)). Therefore, a Petitioner who collaterally attacks a sentence on non-constitutional grounds is held to a higher standard than a criminal defendant attacking his sentence on direct appeal. The reason for this restriction is that a collateral challenge, such as a section 2255 motion, may not take the place of an appeal. *See United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982).

■ The case at bar is factually similar to *Knight*, where the Petitioner claimed that the district court made an erroneous finding of fact which led to the misapplication of the sentencing guidelines. The *Knight* Court concluded that pursuant to factually similar Supreme and First Circuit Court decisions, such misapplication of the guidelines does not constitute an "exceptional circumstance," and therefore, such an error should have been raised on appeal. *See id.* at 773. Like in *Knight*, Petitioner argues that the Court erred by adding four sentencing points based on allegedly unfounded conclusions of a leadership role. Because the First Circuit does not deem such alleged error as an "exceptional circumstance," the Court finds that the proper manner to raise the alleged sentencing errors is not on collateral attack but on direct appeal. For this reason, the Court hereby **DENIES** Petitioner's § 2255 Motion as it relates to the alleged errors in sentencing.

### B. Ineffective Assistance of Counsel

Petitioner's next claim is of a constitutional nature. He avers in his Reply that his attorney did not afford him with an effective assistance of counsel, in violation of the Sixth Amendment of the U.S. Constitution, by not objecting to the four point sentencing enhancement at trial or on direct appeal. Similar to the claim of erro-

neous application of sentencing guidelines by the Court, Petitioner states that his counsel had to object to the four level enhancement because he was not an organizer or leader in the predicate offense.

■ The Court first notes that, unlike collateral attacks based on non-constitutional grounds, in § 2255 motions based on ineffective assistance of counsel, a petitioner's failure to bring such a claim on direct appeal is not subject to the "cause and prejudice standard" because a criminal defendant may be represented on appeal by the attorney whose competence is being challenged. *See id.* at 774; *Brien v. United States*, 695 F.2d 10, 13 (1st Cir.1982). Therefore, the Petitioner may bring a collateral attack claiming ineffective assistance of counsel without first having to raise such issue on direct appeal. In reviewing ineffective counsel claims, the Court shall consider whether counsel's performance fell below an objective standard of reasonableness, and whether such performance was prejudicial to petitioner's criminal case. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ The Government and Petitioner entered into a plea agreement which left sentencing to the discretion of the Court. (Crim No. 92–014(JP) docket no. 154) The Court sentenced Petitioner pursuant to the record and concluded that Petitioner played a planning or organizing role in the offense which called for the imposition of four extra sentencing points. For a defendant to be sentenced as an "organizer or leader," defendant must have exercised some control over co-defendants. *See U.S. v. Lacey*, 86 F.3d 956 (10th Cir.1996). In sentencing a person as a leader, a court takes into account factors such as,

(1) exercise of decision-making authority; (2) nature of participation in the commission of the offense; (3) the recruitment of accomplices; (4) the claimed right to larger share of fruits of crime; (5) the degree of participation in planning or organizing; (6) the nature and scope of the illegal activity; and (7) the degree of control exercised over others.

*United States v. García*, 19 F.3d 1123 (6th Cir.1994) (citing to USSG § 3Bi.1, comment. (n. 3)). According to the findings of the pre-sentence report, which counsel for Petitioner stated during the sentencing hearing to have discussed with his client, Petitioner and Co–Defendant Salgado–Oliver were the most culpable offenders because they recruited the other Co–Defendants; remained outside as lookouts; and kept the largest portion of the booty. These details are in line with the *García* factors and, therefore, not objecting to those is not unreasonable. Further, the pre-sentence report states that Petitioner made a sworn statement in which he admitted to his co-planning of the postal robbery. Although upon reviewing the sworn statement, Petitioner stated that he left with Salgado–Oliver with the idea of the robbery, the Court had reason to believe that Petitioner had a planning role in the offense.

Even if Petitioner's counsel had objected to the sentence, the Court finds it difficult to conclude that it would have changed its sentence based on the facts on the record which indicated that Petitioner had a planning role in the postal robbery. Therefore, not objecting to the sentence was not prejudicial to the petitioner's case. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

The Court takes this opportunity to express its concern with the § 2255 Motion at bar. Although the Court must be liberal in its reading of pro se motions, it must also be reasonable. The allegations raised as to the ineffectiveness of counsel first arose in Petitioner's Reply to the Government's response to the § 2255 Motion. As the Government correctly indicates, non-constitutional claims are generally foreclosed as § 2255 Motions when these claims are not raised on direct appeal. *See Hill,* 368 U.S. at 428, 82 S.Ct.

468. As stated in *Knight,* however, a petitioner may raise an ineffective counsel claim without raising it first on direct appeal. The opportunity to raise a collateral claim for ineffective assistance after failing to bring a direct appeal may constitute an incentive for Petitioners to raise frivolous ineffective assistance claims. Therefore, the Court must be cautious in entertaining § 2255 motions for collateral attack and ensure that the same are not being filed because the petitioner failed to attack the sentence for other reasons on direct appeal. The Court bears this in mind in assessing the validity of Petitioner's § 2255 motion.

### C. Fair Trial

 The Court must be lenient in considering a pro se § 2255 motion. Petitioner alleges that because his sentence did not comport with his involvement, the same caused an unfair trial in violation of the Fifth Amendment. Petitioner did not directly appeal his sentence. Failure to raise a constitutional issue on direct appeal, such as a Fifth Amendment claim, will bar raising the issue on collateral attack unless the Petitioner can demonstrate cause for failing to directly appeal and actual prejudice. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Knight* 37 F.3d at 774. Plaintiff's Motion stops short of demonstrating any cause for his failure to appeal. Therefore, the Court shall not entertain Petitioner's § 2255 Motion for a constitutional violation of his right to a fair trial.

As stated previously, the Court is concerned that petitioners will attempt to circumvent the requirement of direct appeal by raising unfounded and unspecific claims by means of a § 2255 Motion.

### IV. CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Petitioner's § 2255 Motion without a hearing. Petitioner should have raised the alleged sentencing error and Fifth Amendment claims on direct appeal. Further, the Court finds that Petitioner was not deprived of an effective assistance of counsel as the sentence was firmly rooted on the record, and thus failing to object to such sentence was not unreasonable.

IT IS SO ORDERED.