**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Roy PARKER, Defendant–Appellant.**

**No. 99–2072.**

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2001.

Before GUY, NORRIS, and SILER, Circuit Judges.

PER CURIAM.

Defendant, Roy Parker, was convicted after a jury trial of one count of armed bank robbery and one count of using a firearm in the commission of a crime of violence. Parker was sentenced to 157 months' custody. In computing defendant's sentence, the district judge included a two-point enhancement for Parker's leadership role in the offense.

On appeal, Parker contends that there was insufficient evidence to support his conviction on either count of the indictment. Defendant also argues that the imposition of the two-point enhancement based upon his alleged leadership role was clear error. Our review of the record convinces us that there is no merit to either of Parker's appellate arguments, and we affirm.

## I.

On December 15, 1997, the Southern Michigan Bank and Trust in Coldwater, Michigan, was robbed by a black male and two accomplices, one of whom was a female. The black male made no attempt to hide his face or disguise his features, but he did take the tape from the surveillance camera when leaving. The three made their getaway in a small white car. In the course of fleeing, the robbers got their car stuck in the snow and temporarily abandoned it. The abandoned car was noticed by a woman who thought it was suspicious and reported it to the police. The car was traced to an Indiana rental agency and was rented by the defendant, Roy Parker. Coldwater, where the bank was located, is very near the Indiana–Michigan border.

This information lead the police to question Parker. Parker was living in a trailer with his teenaged wife, Dawn, and another

teenager, Jason Rice. The initial questioning did not produce enough evidence for an arrest, but the investigating officers were able to secure a court order commanding Parker to appear in a lineup. Parker failed to appear for the lineup, and subsequent investigation revealed that Parker and his wife had fled. They were eventually arrested in Canada and were deported to the United States.

Dawn Parker elected to cooperate with the authorities in return for immunity from federal prosecution and implicated defendant and Rice in the robbery along with herself. Rice also agreed to cooperate in return for immunity.

At trial, both Rice and Dawn Parker gave a full account of the robbery detailing defendant's involvement. Two bank employees also testified and identified the defendant as the one unmasked robber. Neither of these bank employees had been able to give a description of the robbers immediately after the robbery, nor could they pick out the defendant from a photo array. At the time of the in-court identification. Parker was the only black man in the courtroom.

The jury found the defendant guilty on both counts with which he was charged.

## II.

### A. The Sufficiency of the Evidence

■ If the jury believed the testimony of Rice and Dawn Parker, which they had every right to do, the evidence against the defendant can only be described as overwhelming. The jury was fully aware of the considerations that had been accorded to Rice and Dawn Parker in exchange for their testimony. Although the in-court identification of the defendant by the bank employees may have been suspect, it was up to the jury to determine the credibility of these witnesses and the weight to be accorded their testimony. Since our standard of review is whether after viewing the evidence in the light most favorable to the government any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, it is clear here that the verdict of guilty was supported by sufficient evidence.

### B. The Two-level Enhancement for Role in the Offense

■ Rice and Dawn Parker testified that it was the defendant who selected the bank to rob, recruited the two of them to help in the robbery, and rented the car used in the robbery as well as the motel room to which they fled after the robbery. Additionally, defendant supplied the firearm used in the robbery, bought the material used to tie up the bank employees, disabled the surveillance camera, and took the tape from the camera. After the robbery was over, the defendant took the responsibility of disposing of any incriminating evidence. When the money taken in the robbery was distributed among the three participants, the defendant took a larger share for himself claiming the extra money was going to an alleged "insider" at the bank.

The sentencing guidelines provide that if a defendant was "an organizer, leader, manager, or supervisor in any criminal activity" there should be a two-level increase in the offense level. U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 3B1.1(c)(1998). The guidelines do not define "leader or organizer," but the commentary to section 3B1.1 is helpful in setting forth a list of factors to be considered in making this determination. These factors are

the [defendant's] exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the

claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity; and the degree of control and authority exercised over others. *Id.* at comment. (n.4).

 The determination of what role the defendant played in committing the crime is primarily a factual one and is to be made by the trial judge. *United States v. Garcia,* 19 F.3d 1123, 1125 (6th Cir.1994). Although a sentencing judge who presides over a trial is not required to cite specific facts to support the finding as to the defendant's role in the offense, the judge in this case did so:

> Mr. Parker argues, as he does here in the courtroom through his lawyer, the idea to rob the bank was Mrs. Parker's. Because both Mrs. Parker and Mr. Rice participated in the crime, he should not be considered a leader or manager within the mean of 3B1.1. I disagree. While it is true both Mr. Parker and Mr. Rice took active roles in the crime, this fact does not demonstrate Mr. Parker was not a leader.... [The] guidelines provide a list of factors that a Court is to consider in making a determination under this section. The factors include, among others, "the nature of participation, commission of the offense, the recruitment of accomplices, and the claimed right to a larger share of the fruits of a crime."
>
> After examining the facts in relation to this trial, I am convinced the two level enhancement under 3B1.1, in fact, does apply, as the defendant purchased the police scanner that was used during the crime, rented the car that was used during the crime, rented the motel room used after the crime to hide. That he supplied the only gun that was used in the crime, he tied up the bank tellers

during the crime. It seems to me a classic case of applying 3B1.1.

It is equally clear to us from reviewing the record that a two-level leader enhancement was justified.

AFFIRMED.