UNITED STATES of America,
Plaintiff–Appellee,

v.

Juan GOMEZ, Defendant–Appellant.

No. 99–5739.

United States Court of Appeals,
Sixth Circuit.

March 27, 2002.

Before RYAN and BATCHELDER, Circuit Judges and LAWSON,* District Judge.

BATCHELDER, Circuit Judge.

Juan Gomez pleaded guilty to one count of conspiracy, in violation of 21 U.S.C. § 846, to distribute cocaine in violation of 21 U.S.C. § 841(a). He appeals the imposition of a three-level enhancement for being a manager or supervisor under United States Sentencing Guidelines § 3B1.1, claiming that he was merely a worker. Finding no merit to his claim, we will affirm the judgment of the district court.

Statement of Facts

In December of 1994 Gomez became involved in a large-scale cocaine conspiracy that imported cocaine from Colombia to buyers throughout the United States. Though Gomez's role in the conspiracy varied, his involvement was considerable. He personally oversaw the delivery of large loads of cocaine that had been driven to New York City from Miami; on at least one occasion he transported hundreds of kilograms of cocaine; he leased a warehouse to open a business that would operate as a front for the conspiracy's drug sales; and, on a number of occasions, he collected hundreds of thousands of dollars from cocaine sales. Federal investigators eventually caught Gomez and some of his fellow conspirators, and in September of 1997 he pleaded guilty to the charge of conspiracy to distribute cocaine.

* The Honorable David M. Lawson, United States District Judge, Eastern District of Michigan, sitting by designation.

At Gomez's sentencing the district court concluded that he was a "manager or supervisor" and applied a three-level upward adjustment to his sentence, under USSG § 3B1.1(b). It is this upward adjustment that Gomez now appeals.

Analysis

Though ordinarily we review for clear error a district court's finding that a defendant's role in a drug offense warrants an enhancement under USSG § 3B1.1, in this case we review for plain error because Gomez failed to object to the sentencing enhancement. *United States v. Koeberlein*, 161 F.3d 946, 949 (6th Cir.1998). To establish plain error, Gomez must show 1) that the district court's upward adjustment was an error; 2) that the error was plain, i.e., obvious or clear; 3) that the error affected Gomez's substantial rights; and 4) that this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings. *Id.*

USSG § 3B1.1(b) requires a three-level upward adjustment "[i]f the defendant was a manager or supervisor (but not an organizer or a leader) and the criminal activity involved five or more participants[.]" The Application Note to this section explains further that "[t]o qualify for an adjustment under this section, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants." USSG § 3B1.1, cmt. n.2.

Gomez argues that he was only a worker, and that the facts in the presentence report the district judge relied on "do not indicate who[m], if anyone, he ever managed or supervised." Though the presentence report did not go to the trouble of specifically naming the people Gomez oversaw, a number of statements in the report, such as that "Gomez advised ... that ...

he actually supervised the delivery of cocaine ... in New York," leave the reader in little doubt that he was in fact overseeing others. Gomez himself submitted the following statement to his probation officer:

It was my position within the conspiring organization to supervise the distribution as well as the collection of proceeds from the sale of the cocaine and then ultimately to respond to individuals in South America who were the heads of the organization and the persons who collected the proceeds derived from the sale of the cocaine.

Additionally, Gomez did not object to the following statement made by the government in his plea colloquy: "During the course of this conspiracy, the cocaine would be transported either from Houston or Miami ... to New York City. During that conspiracy, defendant Gomez was responsible for overseeing the drivers and making sure that they would get the loaded cars to New York City." These statements make it clear enough that Gomez supervised others.

Gomez cites no authority for the proposition that the people supervised must be specifically identified by name for the § 3B1.1 enhancement to apply, nor are we aware of any. *See United States v. Garcia,* 19 F.3d 1123, 1125 (6th Cir.1994) (listing seven factors to be considered in determining whether the § 3B1.1 enhancement applies). Thus the district court committed no error, let alone plain error, in concluding that Gomez was in fact a "manager or supervisor."

### Conclusion

For the foregoing reasons, the district court is AFFIRMED.