**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Barry E. SIMS, Defendant–Appellant.**

**No. 01–5719.**

United States Court of Appeals,
Sixth Circuit.

May 3, 2002.

Before GUY and BATCHELDER, Circuit Judges; WALTER, District Judge.*

Barry Edmund Sims appeals his judgment of conviction and sentence. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Sims pleaded guilty to conspiring to distribute, and possess with intent to distribute, 100 kilograms or more of marijuana and five kilograms or more of cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A). Sims also pleaded guilty to conspiring to conduct a financial transaction with intent to promote the possession with intent to distribute marijuana and cocaine hydrochloride in violation of 18 U.S.C. § 1956(h) and (a)(1)(A)(i). The district court sentenced Sims to 100 months of imprisonment and five years of supervised release.

In his timely appeal, Sims's counsel moves to withdraw and has filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Sims has not responded to his counsel's motion to withdraw.

Although believing an appeal to be without merit, counsel submits the following issues for review: 1) whether the district court properly determined that Sims was a manager or supervisor of five or more people warranting a three-level enhancement pursuant to USSG § 3B1.1(b); and

2) whether the district court erred in permitting the government to use Sims's grand jury testimony and information gained from his testimony against Sims in the sentencing proceeding.

■ Sims's first issue on appeal is meritless. Defendant claims that the district court improperly enhanced his offense level under USSG § 3B1.1(b). The crux of Sims's argument is that he did not supervise or manage Thomas Hemingway. A district court's determination of the defendant's role in the offense will be reversed only if clearly erroneous. *United States v. Alexander,* 59 F.3d 36, 38 (6th Cir.1995).

Upon review, we conclude that the court properly enhanced Sims's offense level under USSG § 3B1.1(b), because the record reveals that Sims was a manager or supervisor of a conspiracy that involved at least five participants. *See United States v. Bashara,* 27 F.3d 1174, 1184 (6th Cir.1994). Sims clearly exercised decision-making authority, personally participated in the delivery of drugs, recruited Hemingway as a courier, paid the couriers, and apparently claimed the right to a larger share of the fruits of the conspiracy. *See* USSG § 3B1.1, comment. (n.4); *United States v. Jackson,* 25 F.3d 327, 331 (6th Cir.1994); *United States v. Garcia,* 19 F.3d 1123, 1125 (6th Cir.1994).

■ Sims's second issue on appeal is meritless. Sims argues that information pertaining to his managerial role in the drug conspiracy was protected under USSG § 1B1.8(a) and consequently should not have been used by the district court to establish his sentence. In particular, Sims argues that his grand jury appearance as a cooperating witness led the probation of-

---

* The Honorable Donald E. Walter, United States District Judge for the Western District of Louisiana, sitting by designation.

fice to his co-conspirators Hemingway and Cochran, and that their subsequent statements about his role in the conspiracy were improperly used to enhance his sentence.

Upon review, we conclude that the district court did not improperly rely on information provided by Sims under the terms of his plea agreement in violation of USSG § 1B1.8(a). Section 1B1.8(a) provides that where a defendant agrees to cooperate with the government by providing information concerning unlawful activities of others, and as part of that cooperation agreement the government agrees that self-incriminating information provided pursuant to the agreement will not be used against the defendant, then such information shall not be used in determining the applicable guideline range, except to the extent provided in the agreement. The disclosures of co-conspirators Hemingway and Cochran were completely extraneous to Sims's testimony to information concerning the unlawful activities of other persons.

Additionally, we have reviewed the record, including the transcripts of Sims's guilty plea hearing and sentencing proceedings, and discovered no error warranting reversal of Sims's conviction or sentence.

Accordingly, we hereby grant counsel's motion to withdraw and affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.