**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles WADE, Defendant–Appellant.**

No. 03–3974.

United States Court of Appeals,
Sixth Circuit.

March 23, 2004.

Christian H. Stickan, Asst. U.S. Attorney, Dean P. Wyman, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

Charles Wade, Lisbon, OH, pro se.

Before BATCHELDER and GIBBONS, Circuit Judges; and BEER, District Judge.*

*ORDER*

Charles L. Wade appeals pro se from a district court judgment that denied his motion for a new trial, filed under Fed. R.Crim.P. 33. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Wade was convicted of aiding and abetting, bank fraud, making a false bank application, conspiring to defraud the United States, fraudulently using a social security number, identification document fraud, possessing an implement to make counterfeit securities, and possessing counterfeit securities. On February 9, 2000, he was sentenced to 122 months of incarceration. That sentence was affirmed on direct appeal. *United States v. Wade,* 266 F.3d 574, 587 (6th Cir.2001).

On June 4, 2003, Wade moved for a new trial under Rule 33, alleging that he was denied the effective assistance of counsel because his former attorney had not objected to a superseding indictment that included additional charges. The district court denied Wade's Rule 33 motion on June 30, 2003, because it was untimely filed. It is from this judgment that he now appeals.

We review the denial of Wade's Rule 33 motion for a clear abuse of discretion. *See*

---

* The Honorable Peter Beer, United States District Judge for the Eastern District of Louisiana, sitting by designation.

*United States v. Seago,* 930 F.2d 482, 488 (6th Cir.1991).

(1) Newly Discovered Evidence. Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty. If an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case.

(2) Other Grounds. *Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7–day period.*

Fed.R.Crim.P. 33(b) (emphasis added). To obtain a new trial based on new evidence, Wade must show: 1) that new evidence was discovered after trial; 2) that the evidence could not have been discovered earlier with due diligence; 3) that the evidence is material; and 4) that the evidence would likely produce an acquittal. *See Seago,* 930 F.2d at 488.

Wade's belated discovery of a potential legal argument is not evidence. Moreover, the alleged discovery of this argument cannot be considered "new" evidence, as it is based on facts that were known to him prior to trial. *See id.* at 489–90.

We now join the majority of circuits who have reached this issue in concluding that evidence of ineffective assistance of counsel is not newly discovered evidence for purposes of a motion for new trial where the facts supporting the claim were within the defendant's knowledge at the time of trial.

*Id.* at 489. Wade's ineffective assistance of counsel claim was not based on newly discovered evidence within the meaning of Rule 33(b)(1). As a result, the district court did not abuse its discretion by denying his motion for a new trial, as it was not timely filed within the seven-day limita-

tions period that applies to such motions under Rule 33(b)(2). *See United States v. Garcia,* 19 F.3d 1123, 1126 (6th Cir.1994); *Seago,* 930 F.2d at 489–90.

The district court also found that Wade had forfeited any claim regarding the alleged ineffective assistance of counsel when he decided to represent himself at trial. *See generally Faretta v. California,* 422 U.S. 806, 834–35 n. 46, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Wade now argues that this claim arose before his attorney was discharged. We need not reach this issue, as the untimely filing of Wade's Rule 33 motion independently supports the dismissal of his case.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.