**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charles L. WADE, Defendant–**
**Appellant.**

No. 03–4179.

United States Court of Appeals,
Sixth Circuit.

Aug. 19, 2004.

Linda M. Betzer, Asst. U.S. Attorney, U.S. Attorney's Office, Cleveland, OH, for Plaintiff–Appellee.

Charles L. Wade, FCI Elkton, Lisbon, OH, pro se.

Before: KEITH, MARTIN, and ROGERS, Circuit Judges.

## ORDER

Charles Wade appeals a district court judgment denying his pro se motions for a new trial filed pursuant to Fed.R.Crim.P. 33. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On February 15, 2002, a jury found Wade guilty of: 1) conspiring to prepare and file false tax returns in violation of 18 U.S.C. § 371; 2) making and subscribing false tax returns in violation of 26 U.S.C. § 7206; 3) aiding, assisting, procuring, counseling and advising in the preparation of false tax returns in violation of 26 U.S.C. § 7206; 4) conspiring to defraud the United States in violation of 18 U.S.C. § 371; 5) committing bank fraud in violation of 18 U.S.C. § 1344; and 6) making, uttering and possessing counterfeit securities in violation of 18 U.S.C. § 513. After determining that Wade also committed perjury during the trial, the district court sentenced him to a 102–month prison term, and Wade made a direct appeal to this court. On appeal, a panel of this court affirmed Wade's conviction and sentence. *United States v. Wade,* 93 Fed.Appx. 874 (6th Cir.2004).

On June 4, 2003, while his direct appeal was pending, Wade moved the district court for a new trial based on newly discovered evidence pursuant to Fed. R.Crim.P. 33. On July 15, 2003, Wade

filed a second motion for a new trial. The district court denied the motions. Wade appeals from that judgment.

On appeal, Wade reasserts that newly discovered evidence entitles him to a new trial. The parties have filed briefs.

We review the denial of Wade's Rule 33 motions for a clear abuse of discretion. *United States v. Seago*, 930 F.2d 482, 488 (6th Cir.1991). An abuse of discretion exists where this court is firmly convinced that a mistake has occurred, *Harrison v. Metro. Gov't*, 80 F.3d 1107, 1112–13 (6th Cir.1996), or where a district court has relied upon clearly erroneous findings of fact. *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995). Our review of the record reveals no abuse of discretion.

To obtain a new trial based on new evidence, Wade was required to show: 1) that new evidence was discovered after trial; 2) that the evidence could not have been discovered earlier with due diligence; 3) that the evidence is material; and 4) that the evidence would likely produce an acquittal. *Seago*, 930 F.2d at 488. In his motion for new trial, Wade asserted that his "newly discovered evidence" consisted of false testimony at his criminal trial. Newly discovered evidence does not include new legal theories or new interpretations of the legal significance of the evidence. *Id.* at 489. Thus, the district court correctly rejected Wade's invitation to reassess witness credibility from the trial transcript because "newly discovered evidence" in the context of Rule 33 is not evidence that was within the defendant's knowledge at the time of trial. *See, e.g., United States v. Garcia*, 19 F.3d 1123, 1126 (6th Cir.1994). Wade also asserted that his "newly discovered evidence" consisted of a prejudicial newspaper story, the seizure of some of his property, and the government's withholding of exculpatory evidence. None of the foregoing constitutes "newly discovered evidence." The events occurred well before trial, and Wade was privy to each event. Thus, Wade fails at least the first two enumerated showings required to obtain a new trial based on new evidence.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.