NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0006n.06

No. 10-4556

| | | |
|---|---|---|
| UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT | | **FILED**<br>*Jan 03, 2013*<br>DEBORAH S. HUNT, Clerk |

AHMED BRIKA,                       )

                                 )

      Petitioner-Appellant,        )

                                 )     ON APPEAL FROM THE

v.                              )     UNITED STATES DISTRICT

                                 )     COURT FOR THE SOUTHERN

UNITED STATES OF AMERICA,       )     DISTRICT OF OHIO

                                 )

      Respondent-Appellee.       )

                                 )

BEFORE:  BOGGS and McKEAGUE, Circuit Judges; CARR, District Judge.[*]

PER CURIAM.  Ahmed Brika, a federal prisoner, appeals a district court judgment granting in part and denying in part his motion to vacate sentence, filed pursuant to 28 U.S.C. § 2255.

The evidence presented at Brika's criminal trial showed that he participated in the kidnapping of his former brother-in-law while both men were in their native Morocco in June 2001.  The victim testified that he recognized Brika's voice although he was blindfolded.  Brika's passport showed that he returned to the United States, where he placed telephone calls to the victim's family demanding a ransom.  Brika was arrested immediately after one of the victim's brothers delivered the ransom to him.  The victim was subsequently released in Morocco, where the police took photographs of the injuries he sustained while he was held captive.  An FBI agent's written report of an interview of the

---

[*]The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

victim in Morocco after his release was also introduced, as were statements of people in Morocco who participated in the kidnapping and were prosecuted there. Brika's defense at trial was that he learned of the kidnapping and took advantage of it to demand payment of money that he claimed he was owed by the victim. The jury apparently believed this defense, because it was unable to reach a verdict on a count charging Brika with conspiracy to commit a kidnapping offense, but it did convict him of extorting ransom money by telephone. This court affirmed Brika's conviction but remanded for resentencing. On remand, he was sentenced to 156 months of imprisonment.

Brika filed a motion to vacate sentence in 2008, raising several claims. A magistrate judge recommended that Brika's motion be granted on one claim, regarding the tolling of the period of supervised release if Brika is deported, and that the remaining claims be denied. The district court adopted this recommendation over Brika's objections. One issue was certified for appeal: whether Brika's conviction should be vacated and a new trial granted based on new evidence. The new evidence is an affidavit of a man who alleges that he had business dealings with the victim in Columbus, Ohio, at or around the time the victim was allegedly being held for ransom in Morocco, and that the victim never mentioned being kidnapped.

The district court construed this claim as a motion for new trial pursuant to Federal Rule of Civil Procedure 33, and, assuming that it was timely filed, denied it on the merits. We review the denial of a motion for new trial under Rule 33 for an abuse of discretion. *United States v. Gaitan-Acevedo*, 148 F.3d 577, 589 (6th Cir. 1998). In order to be entitled to a new trial, a defendant must produce new evidence that could not have been discovered earlier with due diligence, that is material

and not merely cumulative or impeaching, and that would likely result in an acquittal. *Id.*; *United States v. Garcia*, 19 F.3d 1123, 1126 (6th Cir. 1994).

We find no abuse of discretion in the district court's conclusion that the new evidence relied on here is not material and would not have changed the result of the trial. The evidence at trial was overwhelming that the victim was held in captivity in Morocco in June 2001. It included the victim's testimony, his family's testimony, the photographs of the victim taken by the Moroccan police after his release, his interview by an FBI agent, and the statements of people who took part in the kidnapping and were prosecuted in Morocco. The fact that Brika's new witness now states many years after the fact that he met with the victim in Ohio, at or about June 2001, is not sufficient to call into question the result of the trial. Moreover, unlike the case of *United States v. Garland*, 991 F.2d 328, 335 (6th Cir. 1993), on which Brika relies, his new evidence does not support the defense he presented at trial, where he conceded that the victim had been kidnapped in Morocco and argued that he only took advantage of that fact to demand money he believed he was owed.

Because Brika did not establish that he is entitled to a new trial, we affirm the district court's judgment.