UNITED STATES of America,
Plaintiff–Appellee,

v.

Troy Richard ANDERSON,
Defendant–Appellant.

Nos. 02–6462, 02–6463.

United States Court of Appeals,
Sixth Circuit.

Dec. 4, 2003.

---

Joseph C. Murphy, Jr., Asst. U.S. Attorney, U.S. Attorney's Office, Memphis, TN, for Plaintiff–Appellee.

Troy Richard Anderson, pro se, Seagoville, TX, for Defendant–Appellant.

Before MARTIN and MOORE, Circuit Judges; and MCKEAGUE, District Judge.*

### ORDER

These are two consolidated appeals from separate district court judgments denying collateral, post-conviction motions directed to a 1999 arson conviction. These cases have been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Troy Richard Anderson was convicted by a jury of one count of arson in violation of 18 U.S.C. § 844(i). A panel of this court affirmed Anderson's conviction and sixty month sentence on direct appeal. *United States v. Anderson,* No. 99–6035, 2001 WL 966277, 17 Fed.Appx. 282 (6th Cir. Aug. 16, 2001). Anderson filed a motion for a new trial in 2001 and he sought the disqualification of his trial judge, Judge Gibbons, in a 2002 affidavit of bias and prejudice. Judge Gibbons entered separate orders denying the motion and the affidavit of bias and prejudice on the same date, November 8, 2002. Anderson's appeal from the denial of his motion for a new trial has been denominated in this court as Case No. 02–6462; the appeal from his unsuccessful attempt to have Judge Gibbons recuse herself has been docketed as Case No. 02–6463. These appeals have been consolidated for submission.

### Case No. 02–6462

Anderson was indicted for the 1996 arson of a business establishment and convicted after a jury trial. One of the witnesses testifying before the grand jury

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

was Randy Bridges and a witness at trial was co-conspirator Steve Barker.

On November 2, 2001, the district court docketed Anderson's Fed.R.Crim.P. 33 motion for a new trial based on newly discovered evidence. The chief grounds supporting the motion are that Bridges and Barker lied, respectively, to the grand jury and at Anderson's trial. Anderson contends that Bridges admitted his perjury in a post-trial letter to the prosecuting attorneys and that Barker's perjury can be found by reading the trial transcript. The district court examined the motion and the basis for each and rejected them without conducting an evidentiary hearing. The court first noted that the issue of Barker's credibility was plainly before Anderson's jury at virtually every stage of his trial and that there was therefore nothing "newly discovered" in this context. The court also referred to Bridges's letter, in which he threatens to expose the "lies" he told to the grand jury, as an obvious attempt by Bridges to bargain his way into a different penitentiary. The court was thus satisfied that Bridges's letter did not show that his initial grand jury testimony was false.

█ The district court's judgment will not be disturbed. A defendant must satisfy a four-part test in order to obtain a new trial based on newly discovered evidence under Criminal Rule 33. The defendant must show that the evidence: 1) was discovered only after trial; 2) could not have been discovered with due diligence; 3) is material and not just cumulative or impeaching; and 4) would likely produce an acquittal if the case were retried. *United States v. Barlow,* 693 F.2d 954, 966 (6th Cir.1982). This court reviews a district court's judgment on a Rule 33 motion for a new trial under the abuse of discretion standard. *United States v. Pierce,* 62 F.3d 818, 833 (6th Cir.1995). An abuse of discretion exists where this court is firmly convinced that a mistake has occurred, *Harrison v. Metro. Gov't,* 80 F.3d 1107, 1112–13 (6th Cir.1996), or where a district court has relied upon clearly erroneous findings. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995).

The district court correctly rejected Anderson's invitation to reassess Barker's credibility from the trial transcript. "Newly discovered evidence" in the context of Rule 33 is not evidence that was within the defendant's knowledge at the time of trial. *See, e.g., United States v. Garcia,* 19 F.3d 1123, 1126 (6th Cir.1994). It is clear that Anderson and his counsel had ample opportunity to challenge Barker's testimony at trial and on appeal. A review of Bridges's letter plainly supports the district court's conclusion that the sole purpose of the letter was to obtain more desirable living quarters for Bridges, not to expose prior perjured grand jury testimony. The district court found that Bridges's letter did not cast any doubt on the veracity of his grand jury testimony and, under this court's deferential standard of review noted above, this decision will be upheld.

### Case No. 02–6463

Anderson followed his Rule 33 motion with an affidavit of bias and prejudice, presumably filed on the authority of 28 U.S.C. § 144, directed toward Judge Gibbons. Anderson claimed that Judge Gibbons improperly ruled against him at trial on an evidentiary matter, namely, whether the defense could call an Assistant United States Attorney to contradict anticipated testimony of an FBI agent as to Anderson's alleged confession. In fact, the district court ultimately decided that neither the FBI agent or the Assistant United States Attorney would be permitted to take the stand. In the case at bar, the

district court held that conclusory allegations of personal animus and ordinary trial rulings are not sufficient, without more, to require the recusal of a district court judge from a pending matter.

 The district court's judgment is patently correct. A district court's decision not to recuse herself or, in this case, to deny the affidavit of bias and prejudice, is reviewed for an abuse of discretion. *United States v. Sammons,* 918 F.2d 592, 599 (6th Cir.1990). An affidavit of bias filed under § 144 must allege facts that would indicate to a reasonable person that the named judge has a personal bias against the moving party. *Gen. Aviation, Inc. v. Cessna Aircraft Co.,* 915 F.2d 1038, 1043 (6th Cir.1990). This alleged bias must "stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.,* 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). The requisite showing of prejudice in this context may not be made by pointing to allegedly erroneous or atypical judicial rulings. *See, e.g., Traficant v. Comm'r,* 884 F.2d 258, 267 (6th Cir.1989).

It is clear that the district court did not commit an abuse of discretion in declining to recuse herself from hearing any of Anderson's post-conviction matters. The alleged bias is entirely to be found within the four corners of an adverse trial ruling that was upheld by the Sixth Circuit. This appeal lacks merit.

Accordingly, all pending motions are denied and the district court's judgments are affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.