**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Troy Richard ANDERSON,**
**Defendant–Appellant.**

No. 03–5125.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2003.

Joseph C. Murphy, Jr., Asst. U.S. Attorney, Memphis, TN, for Plaintiff–Appellee.

Troy Richard Anderson, pro se, Seagoville, TX, for Defendant–Appellant.

Before ROGERS and COOK, Circuit

Judges; and COHN, District Judge.*

### ORDER

This is a direct appeal from a district court judgment denying a motion for a new trial filed on the authority of Fed. R.Crim.P. 33. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Troy Richard Anderson was convicted by a jury of one count of arson in violation of 18 U.S.C. § 844(i). A panel of this court affirmed Anderson's conviction and sixty-month sentence on direct appeal. *United States v. Anderson,* 17 Fed.Appx. 282 (6th Cir.2001). In 2002, Anderson filed his second Criminal Rule 33 motion for a new trial. The district court denied the motion and this appeal followed.

The only issue for this court's consideration is whether the district court erred in denying Anderson's second motion for a new trial based on a claim of newly discovered evidence. This court reviews a district court's judgment on a Rule 33 motion for a new trial under the abuse of discretion standard. *United States v. Pierce,* 62 F.3d 818, 833 (6th Cir.1995). An abuse of discretion exists where this court is firmly convinced that a mistake has occurred, *Harrison v. Metro. Gov't,* 80 F.3d 1107, 1112–13 (6th Cir.1996), or where a district court has relied upon clearly erroneous findings of fact. *Romstadt v. Allstate Ins. Co.,* 59 F.3d 608, 615 (6th Cir.1995). An examination of the record and law supports the district court's decision in all respects.

Anderson was indicted for the 1996 arson of a business establishment and the jury returned a guilty verdict on April 20, 1999. A part of the government's case against Anderson was the testimony of a former occupant of the burned structures, Sadie Jackson, and an arson investigator, Bobby Ramey. The district court entered its formal judgment and commitment order against Anderson on July 16, 1999, with an entry date of July 19, 1999. Anderson filed a series of unsuccessful post-conviction motions culminating in a Rule 33 motion for a new trial based on newly discovered evidence filed on December 4, 2002. The newly discovered evidence was Anderson's interpretation of trial testimony of Jackson and Ramey. The district court denied the motion as being out of time and, in a footnote, also concluded that the motion lacked merit. Anderson takes issue with the judgment in its entirety.

A defendant must satisfy a four-part test in order to obtain a new trial based on newly discovered evidence under Criminal Rule 33. The defendant must show that the evidence: 1) was discovered only after trial; 2) could not have been discovered with due diligence; 3) is material and not just cumulative or impeaching; and 4) would likely produce an acquittal if the case were retried. *United States v. Barlow,* 693 F.2d 954, 966 (6th Cir.1982). As of December 1, 1998, a Rule 33 motion for a new trial based on newly discovered evidence must be brought within three years after the verdict or finding of guilty. Fed.R.Crim.P. 33(b)(1).

██ In the case at bar, Anderson's Rule 33 motion was based solely on his claim of newly discovered evidence and it was filed on December 4, 2002. This was

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

more than three years after the April 20, 1999, guilty verdict and was thus plainly out of time. In addition, the district court properly rejected, in a footnote, Anderson's attempt to re-argue the merits of trial testimony under the guise of "newly discovered evidence." "Newly discovered evidence" in the context of Rule 33 is not evidence that was within the defendant's knowledge at the time of trial. *See, e.g., United States v. Hawkins,* 969 F.2d 169, 175 (6th Cir.1992). This appeal is plainly meritless.

Accordingly, all pending motions are denied and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.